UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT PEARSON,<br><br>       Plaintiff,<br><br>    -v.-<br><br>WELLPATH HEALTH SERVICES; ORANGE COUNTY JAIL; ALL OF THE NURSES THAT HAD SOMETHING TO DO WITH THIS; ALL OF THE C.O.'S OFFICERS THAT HAD SOMETHING TO DO WITH THIS,<br><br>       Defendants. | 24-CV-1714 (KMK)<br><br><u>ORDER OF SERVICE</u> |

KENNETH M. KARAS, United States District Judge:

  Plaintiff, who was detained at Orange County Jail ("OCJ"), brings this Action, pro se, under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights.  By Order dated May 29, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.  (Dkt. No. 7.)[1]  For the reasons set forth below, the Court: (1) directs the Clerk of Court, pursuant to Rule 21 of the Federal Rules of Civil Procedure, to replace Defendant Orange County Jail with Defendant Orange County, and add as Defendants John Doe Nurse, John Doe Emergency Response Team ("E.R.T.") Officer 1, John Doe E.R.T. Officer 2, John Doe Sergeant, and John Doe Lieutenant; (2) directs Orange County, under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), to assist Plaintiff in identifying John Doe Nurse, John Doe E.R.T. Officers 1 and 2, John Doe Sergeant, and John Doe Lieutenant; and (3) directs service on Wellpath Medical Services and Orange County.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d. Cir. 2007).  The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise "the strongest [claims] that they *suggest*," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" in pro se cases, *id.* at 475 (citation omitted), has its limits—to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.  In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of

2

action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## DISCUSSION

**A.    Claims against Orange County Jail**

Because Plaintiff's alleges that Defendants violated his federal constitutional rights, his federal claims arise under 42 U.S.C. § 1983. However, Plaintiff may not assert claims under Section 1983 against Orange County Jail. Section 1983 provides that an action may be maintained against a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. Orange County Jail is not a "person" within the meaning of Section 1983. *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of Section 1983); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. June 24, 1994) (Orange County Jail is not suable under Section 1983). The Court therefore dismisses Plaintiff's claims against the Orange County Jail for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's pro se status and likely intention to assert claims against Orange County, the Court construes the Complaint as asserting claims against Orange County, and directs the Clerk of Court to amend the caption of this action to replace Orange County Jail with Orange County. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses Orange County may wish to assert.

**B.    Claims against "All the nurses that had something to do with this" and "All the C.O. officers that had something to do with this"**

Throughout the Complaint, Plaintiff references several John and Jane Doe prison personnel including a nurse, E.R.T. officers, a sergeant, and a lieutenant whom he alleges were personally involved in the events giving rise to his claims.  (See generally Compl. (Dkt. No. 1).)  Under Rule 21 of the Federal Rules of Civil Procedure, the Court, on its own motion, "may at any time, on just terms, add or drop a party."  Fed R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice.").  Under this rule, courts have added an individual as a defendant in an action, though that individual is not named as a defendant in the complaint, because he or she is mentioned "throughout the body of the [c]omplaint" as involved in the underlying alleged events.  *George v. Westchester Cnty. Dep't of Corr.*, No. 20-CV-1723, 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020); *see Adams v. NYC Dep't of Corrs.*, No. 19-CV-5909, 2019 WL 2544249, at *2 (S.D.N.Y. June 20, 2019).[2]

In light of Plaintiff's pro se status and likely intention to assert claims against these John and Jane Doe defendants, the Court directs the Clerk of Court to replace "All the nurses that had something to do with this" and "All the C.O. officers that had something to do with this" with Jane Doe Nurse, John Doe E.R.T. Officer 1, John Doe E.R.T. Officer 2, John Doe Sergeant, and John Doe Lieutenant.  *See* Fed. R. Civ. P. 21.  This amendment is without prejudice to any defenses these defendants may wish to assert.

---

[2] Moreover, listing "unnamed persons" as Defendants can be construed as the Plaintiff's attempt to state a claim under § 1983 against individual staff members.  *See Mustafa v. City of N.Y.*, No. 23-CV-6516, 2023 WL 7133215, at *3 (S.D.N.Y. Oct. 27, 2023).

4

**C.**     **John and Jane Doe Defendants**

Under *Valentin v. Dinkins*, a pro se litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997).  In the Complaint, Plaintiff supplies sufficient information to permit the Orange County Jail to identify the two John Doe E.R.T. Officers, Jane Doe Nurse, John Doe Sergeant, and John Doe Lieutenant whom Plaintiff alleges deprived him of medical care on or around January 31, 2024.  It is therefore ordered that the Orange County Attorney's Office, the attorney for the Orange County Correctional Facility, must (1) ascertain these defendants' identities; (2) find the addresses where these defendants may be served; and (3) identify the badge numbers of the John Doe E.R.T. officers, Sergeant, and Lieutenant.  The Orange County Attorney's Office must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an Amended Complaint with the John and Jane Doe defendants' full names and the names and the badge numbers of the John Doe E.R.T. officers, Sergeant, and Lieutenant.  The Amended Complaint will replace, not supplement, the original Complaint.  An amended complaint form that Plaintiff should complete is attached to this Order.  Once Plaintiff has filed an Amended Complaint, the Court will screen the Amended Complaint and, if necessary, issue an order directing the Clerk of Court to complete a USM-285 form with the addresses for the named John and Jane Doe defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

**D.      Service on Wellpath and Orange County**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on named defendants Wellpath and Orange County through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the Complaint until the Court reviewed the Complaint and ordered that summonses be issued.  The Court therefore extends the time to serve until 90 days after the date summonses are issued.

## CONCLUSION

The Court dismisses Plaintiff's claims against the Orange County Jail. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to replace: (1) the Orange County Jail with Orange County; and (2) "All the nurses that had something to do with this" and "All the C.O. officers that had something to do with this" with Jane Doe Nurse, John Doe E.R.T. Officer 1, John Doe E.R.T. Officer 2, John Doe Sergeant, and John Doe Lieutenant as defendants in this action. *See* Fed. R. Civ. P. 21.

The Clerk of Court is further directed to mail a copy of this order and the complaint to the Orange County Attorney at: 255 Main Street, Goshen, NY 10924.

The Clerk of Court is also directed to issue summonses for Defendants Wellpath Medical Services and Orange County, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is instructed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   June 28, 2024
         White Plains, New York

_____
        KENNETH M. KARAS
        United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.      Wellpath Medical Services
        110 Wells Farm Road
        Goshen, NY 10924

2.      Orange County
        Office of the Orange County Attorney
        Orange County Government Center
        255 Main Street
        Goshen, NY 10924

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

               **-against-**

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  ☐ Yes     ☐ No
                  (check one)

___ Civ. _____ (    )

**I.**     **Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's      Name_____
                 ID#_____
                 Current Institution_____
                 Address_____
                 _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1     Name _____ Shield #_____
                    Where Currently Employed _____
                    Address _____
                    _____

*Rev. 01/2010*                                    1

Defendant  No. 2        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant  No. 3        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Who did
what?

Defendant  No. 4        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant  No. 5        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


## II.        Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.


A.        In what institution did the events giving rise to your claim(s) occur?

_____

_____


B.        Where in the institution did the events giving rise to your claim(s) occur?

_____


C.        What  date  and  approximate  time  did  the  events  giving  rise  to  your  claim(s)  occur?

_____

_____

_____


D.        Facts:_____

What
happened
to you?
_____

_____

_____

_____

*Rev. 01/2010*                                    2

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Was anyone else involved?

Who else saw what happened?

### III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

### IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.      Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

        Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

_____

B.     Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

     Yes _____   No _____   Do Not Know _____

C.     Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

     Yes _____   No _____   Do Not Know _____

     If YES, which claim(s)?

     _____

D.     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

     Yes _____   No _____

     If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

     Yes _____   No _____

E.     If you did file a grievance, about the events described in this complaint, where did you file the grievance?

     _____

     1.     Which claim(s) in this complaint did you grieve?

          _____

          _____

     2.     What was the result, if any?

          _____

          _____

     3.     What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.

          _____

          _____

          _____

          _____

F.     If you did not file a grievance:

     1.     If there are any reasons why you did not file a grievance, state them here:

          _____

          _____

          _____

_____
_____
_____

    2.      If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.     Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____
_____

**VI.    Previous lawsuits:**

<table>
<tr>
<td>

**On these claims**

</td>
<td>

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

</td>
</tr>
</table>

       1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

       2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____
_____ 4.    Name of Judge assigned to your case_____
       5.    Approximate date of filing lawsuit _____
       6.    Is the case still pending?  Yes _____ No _____
           If NO, give the approximate date of disposition_____

       7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

<table>
<tr>
<td>

**On other claims**

</td>
<td>

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____    No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

</td>
</tr>
</table>

       1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

       2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____
_____ 4.    Name of Judge assigned to your case_____
       5.    Approximate date of filing lawsuit _____

*Rev. 01/2010*                                    6

6.      Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
_____
_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff    _____

Inmate Number    _____

Institution Address    _____

_____

_____

_____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:  _____